TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| TODD DEVOS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MUSIC TRIBE COMMERCIAL NV, INC.; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

COMES NOW, Plaintiff TODD DEVOS (hereinafter "Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and filed his Complaint alleges upon information and belief against MUSIC TRIBE COMMERCIAL NV, INC. (hereinafter "Defendant") as follows:

**NATURE OF THE ACTION**

**PARTIES**

1. At all times relevant hereto, Plaintiff resided in Las Vegas, Clark County, Nevada.

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

///

///

1

3. Upon information and belief, at all times relevant hereto, Defendant is or was a domestic or foreign corporation or similar business entity organized and existing under the laws of the State of Nevada or which regularly conducted business in Nevada or were foreign corporations which regularly conducted business in Nevada.

4. Defendant regularly employs fifteen or more persons.

## JURISDICTION AND VENUE

5. The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of 42 U.S.C. § 12101, Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.* and laws of the State of Nevada.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

9. Plaintiff was terminated from his employment on or about October 13, 2017, and Plaintiff thereafter timely filed a formal charge of discrimination with the Nevada Equal Rights

Commission [hereinafter "NERC"]. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

10. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the investigation of his charge.

11. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

12. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

13. Plaintiff is a qualified individual with a disability within the meaning of the ADAA.

14. Plaintiff has Crohn's disease. Crohn's is an immune-mediated inflammatory disease that belongs to a larger group of illnesses called inflammatory bowel disease (IBD). It causes sufferers to have to use the restroom frequently.

15. Plaintiff was hired by Defendant as an electronics technician on October 1, 2015. Upon information and belief and at all relevant times, Defendant employed over fifteen (15) employees for at least twenty (20) calendar weeks from 2017 to the present time and was further engaged in an industry directly affecting interstate commerce.

16. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendant.

17. Upon information and belief and at all relevant times, certain individuals were acting as supervisors, agents, servants and/or employees of Defendant. Defendant is therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

///

18. At all relevant times, Plaintiff fully, adequately, and completely performed all functions, duties, and responsibilities of his employment with Defendant.

19. Plaintiff's workplace had only two restrooms for over fifty (50) employees who worked at Defendant's Las Vegas workplace. Plaintiff often found himself having to use the restroom at work immediately due to his disability. Often, the restrooms were occupied and so Plaintiff would have to go to his vehicle to relieve himself, while at work.

20. In February 2017, Plaintiff informed Defendant's supervisory employee Department Manager Ralph Gomez he would like to have a reasonable accommodation related to his disability. The accommodation that Plaintiff requested was to have another restroom in the facility where Plaintiff worked as there was only two restrooms for over fifty (50) employees, a violation of both Occupational Safety and Health Administration (OSHA) and Uniform Building Code (UBC) regulations. Gomez refused to discuss Plaintiff's request and Gomez refused to provide another restroom or obtain portable restrooms.

21. Plaintiff requested to discuss his request with Defendant's supervisory employee over Gomez, the General Manager, or a Human Resources employee because Defendant did not employ any person in those positions that could interact with Plaintiff and assist him. Plaintiff thereafter became targeted for termination by Gomez for requesting that Defendant interact with Plaintiff and discuss installing adequate numbers of restrooms in the workplace, and because Gomez had a bias against Plaintiff for having a medical marijuana card due to his disability.

22. On October 13, 2017, Gomez accused Plaintiff, who had been issued a Nevada medical marijuana card, of smelling like marijuana and accused Plaintiff of smoking marijuana at work. Defendant terminated Plaintiff that day. In fact, Defendant had no cause to terminate Plaintiff for marijuana use. Plaintiff did not smoke or otherwise consume marijuana at work.

///

23. Defendant's stated reason for Plaintiff's termination was false and Plaintiff's termination was pretextual. Plaintiff was terminated in retaliation for attempting to engage in the interactive process with Defendant that is required by federal and state law for persons seeking a disability in the workplace and for disability discrimination. Defendant has no evidence that Plaintiff was under the influence of medicinal marijuana while at work on October 13, 2017 or any other time. Defendant did not test Plaintiff for marijuana use at any time.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## Wrongful Termination Under the ADAA

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

25. Defendant refused to engage in any interactive process and refused to provide a reasonable accommodation to Plaintiff even though the reasonable accommodation requested by Plaintiff was mandated by OSHA.

26. OSHA requires employers to provide all workers with prompt access to a clean restroom. Additional requirements related to restroom facilities and bathroom break policies are outlined in OSHA's sanitation standards as set forth in 29 CFR 1910.141, 29 CFR 1926.51 and 29 CFR 1928.110. These standards aim to protect workers from health complications that can occur when a bathroom is not readily available, such as bladder problems, bowel issues and urinary tract infections, which was a concern for Plaintiff due to his disability, as well as Plaintiff having to relieve himself frequently. Under OSHA sanitation standards, Defendant was required to have provided at least one other restroom for the number of employees of Defendant that was working at the workplace of Defendant in Las Vegas.

///

27. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

28. Defendant's termination of Plaintiff was not based upon any other reasonable reason and was discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of his disability.

29. Such adverse employment actions by Defendants were in violation of the ADAA.

30. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

31. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

32. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

33. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### SECOND CAUSE OF ACTION

### Retaliation Under the ADAA

34. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

35. Defendant refused to interact with Plaintiff and refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties if he had been accommodated and despite being noncompliant with OSHA regulations.

34. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

35. Defendant's stated reason for Plaintiff's termination was false and Plaintiff's termination was pretextual.  Plaintiff was terminated in retaliation for attempting to engage in the interactive process with Defendant that is required by federal and state law for persons seeking a disability in the workplace and for disability discrimination.

36. Defendant has no evidence that Plaintiff was under the influence of medicinal marijuana while at work on October 13, 2017 or any other time.  Defendant did not test Plaintiff for marijuana use at any time.

37. Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.  Defendants terminated Plaintiff without just cause and because of his disability.

38. Such retaliatory adverse employment actions by Defendants were in violation of the ADAA.

39. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

40. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

41. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### THIRD CAUSE OF ACTION

### Violation of Nevada Statutory Protections

42. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

43. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their disability. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to disability related and motivated discriminatory practices, and retaliatory actions all of which are illegal activities as directed, ratified tolerated by his employers and Plaintiff was discriminated against due to his disability.

44. As a direct and proximate result of Defendant's violation of Nevada law, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

43. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

44. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiffs to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiffs are entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages.

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

Dated this 25th day of August 2020.   **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiffs*