UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD DEVOS, | Case No. 2:20-CV-1581 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| MUSIC TRIBE COMMERCIAL NV, INC., | |
| Defendant(s). | |

Presently before the court is defendant Music Tribe Commercial NV, Inc.'s ("Music Tribe") motion to dismiss. (ECF No. 8). Plaintiff Todd Devos responded in opposition (ECF No. 10) to which Music Tribe replied (ECF No. 11).

**I.   BACKGROUND**

Todd Devos worked as an electronics technician for Music Tribe from about October 2015 to October 2017 when the company allegedly terminated him in violation of the Americans with Disabilities Act (ADA) and Nevada anti-discrimination law. (Compl., ECF No. 1 ¶¶ 15, 22–23). Devos suffers from Crohn's disease, an immune mediated inflammatory bowel disease. (*Id*. ¶ 14). The chronic illness requires him to use the restroom frequently and urgently. (*Id*. ¶¶ 14, 19).

In February 2017, Devos asked his department manager for a disability-related accommodation—an additional restroom.[1] (*Id*. ¶ 20). His supervisor declined to "provide another restroom or obtain portable restrooms" and refused to further discuss the request.

---

[1] Devos alleges a third restroom was required by federal and state regulations. (*See* ECF No. 1 ¶ 20 ("[T]here was only two restrooms for over fifty (50) employees, a violation of both Occupational Safety and Health Administration (OSHA) and Uniform Building Code (UBC) regulations.")). A

**James C. Mahan**
**U.S. District Judge**

(*Id.*)  The general manager and the human resources department also rebuffed Devos's request.  (*Id.* ¶ 21).  Devos believes he soon became a target for termination after he pursued a higher-up employee to discuss his requested accommodation.  (*Id.*)

On October 13, 2017, his department manager accused him of smoking marijuana at work.  (*Id.* ¶ 22).  He was terminated the very same day.  (*Id.*).  However, Devos argues that the stated reason for termination was pretextual.[2]  (*Id.*).  Devos believes he was fired in retaliation "for attempting to engage in the interactive process . . . that is required by federal and state law for persons seeking [an accommodation] in the workplace and for disability discrimination."  (*Id.*).

Devos is suing for failure to accommodate and retaliation under the ADA as well as a violation of Nevada's antidiscrimination statute NRS 613.330.  (*Id.* ¶¶ 24–44).  Music Tribe now moves to dismiss under Rule 12(b)(6) for failure to state a claim.  (ECF No. 8).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79.  Legal conclusions are not entitled to this assumption of truth.  *Id.*

---

[2] Devos also claims that his department manager had a bias against him for having a medical marijuana card due to his disability.  (ECF No. 1 ¶ 21).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.   DISCUSSION

#### A. Failure to Accommodate Claim

Devos labels his first claim as wrongful termination but the claim sounds in failure to accommodate. (*See* ECF No. 1 ¶ 25 ("[Music Tribe] refused to engage in any interactive process and refused to provide a reasonable accommodation . . . .")). To allege a prima facie failure-to-accommodate claim under the ADA, the employee must plausibly allege that he or she (1) is disabled within the meaning of the ADA, (2) is a qualified individual who can perform the essential functions of the job with or without reasonable accommodation, and (3) suffered an adverse employment action because of their disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (citing 42 U.S.C. § 12112(a), (b)(5)(A)).

A disability is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1). Individuals may also be

James C. Mahan
U.S. District Judge

- 3 -

considered disabled if they have a record of such an impairment or if they are regarded as having such an impairment. *Id*. An impairment "need not prevent, or significantly restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1). Instead, the term "substantially limits" is broadly construed in favor of expansive coverage. *Id*.

Music Tribe asserts that Crohn's disease is not a disability within the meaning of the ADA. (ECF No. 8 at 3). This assertion likely contradicts regulatory pronouncements and case law. *See Bragdon v. Abbott*, 524 U.S. 624, 657 (1998) ("[W]hether respondent has a disability covered by the ADA is an individualized inquiry."); *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 445 (8th Cir. 1998) ("It is clear that Nesser, who suffers from Crohn's disease, is disabled within the meaning of the ADA."). Devos has described one limitation relative to his disability; namely, his need to use the restroom frequently. (ECF No. 1 ¶ 14). The court assumes—without deciding—that this limitation plausibly interferes with major life activities such as working.[3]

That is because Devos has not specified which disability theory he is proceeding under. That is, an employer, absent undue hardship, must provide a reasonable accommodation to employees with an "actual disability" or those with "record of" their disability; accommodations are not required for employees only "regarded as" disabled. 29 C.F.R. § 1630.9(e); *see also Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1230–33 (9th Cir. 2003) (holding that there is no duty to accommodate an employee in an "as regarded" case). Because an analysis of a failure to accommodate claim cannot be sustained, Devos's failure-to-accommodate claim is DISMISSED with leave to amend.

. . .

. . .

---

[3] *See* 29 C.F.R. § 1630.2(1)(iii) ("The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity. Accordingly, the threshold issue of whether an impairment 'substantially limits' a major life activity should not demand extensive analysis.").

**James C. Mahan**
**U.S. District Judge**

### B. Retaliation Claim

To allege a prima facie retaliation claim under the ADA, the employee must plausibly allege that "(1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Pursuing rights guaranteed by the ADA like requesting a reasonable accommodation is a protected activity. *Id.* at 850; *Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). An adverse employment action is any action reasonably likely to deter the employee from engaging in a protected activity or any treatment based on a retaliatory motive. *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000) (citation omitted). To show a causal link, the employee must not have suffered an adverse employment action "but for" his protected activity. *Cosper v. Titanium Metals Corp.*, No. 2:16-cv-1548-JCM-CWH, 2018 WL 4283055, at *4 (D. Nev. Sep. 7, 2018) (citing *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015)).

The parties do not dispute that termination is an adverse employment action. Rather, Music Tribe contends that Devos neither engaged in a protected activity nor alleged a causal link. (ECF No. 8 at 6–7). It argues that Devos did not engage in a protected activity because, again, he is not disabled within the meaning of the ADA. (*Id.* at 3). As discussed, Devos must clarify his disability theory to proceed. *See supra* section III.A. But for this order only, the court assumes that Devos is disabled under the meaning of the ADA.

Music Tribe further argues that Devos is suing because "[it] did not build a special bathroom for his own personal use." (ECF No. 8 at 6). Music Tribe maintains that this would be "a *per se* undue hardship on an employer that no person of good faith would reasonably expect as an accommodation." *Id.*; *see* 29 C.F.R. § 1630.2(p) ("Undue hardship means . . . significant difficulty or expense incurred by a covered entity . . . ."). However, Music Tribe overlooks Devos's request for portable restrooms. (ECF No. 1 ¶ 20). At this pleading stage, a portable restroom is *plausibly* a reasonable accommodation meaning that Devos engaged in a protected activity when he requested it.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Lastly, Music Tribe disputes that a causal link exists between Devos's accommodation request and termination. Indeed, there is not a "very close" temporal proximity between the protected activity and adverse employment action. (ECF No. 8 at 6). But temporal proximity is sufficient but not necessary to show a causal link. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001); *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). "Although a long temporal gap between the protected activity and adverse employment action may make it more difficult to show causation, circumstantial evidence of a pattern of antagonism following a protected activity can also give rise to the inference of a causal link." *Skinner v. Newmont Mining Corp.*, No. 2:18-cv-01787-KJD-VCF, 2019 WL 3554705, at *3 (D. Nev. Aug. 2, 2019).

Still, Devos has not plausibly alleged that he became targeted for termination after engaging in a protected activity. Devos asserts that the reason given for his termination—smoking marijuana at work—was pretexual. Without more, this is not a well-pleaded factual allegation but a legal conclusion. Because there is no casual link via "very close" temporal proximity, Devos must offer facts to plausibly allege that he was antagonized repeatedly in the eight months preceding his termination. (ECF No. 8 at 6). These facts must also support the inference that his disparate treatment was a direct result of requesting a reasonable accommodation. He has not met his pleading burden but may be able to. Thus, Devos's ADA retaliation claim is DISMISSED with leave to amend.

### C. Nevada Statutory Protections

Devos's third claim alleges violations of NRS 613.330, "Nevada's catch-all statute for unlawful discrimination." *Shufelt v. Just Brakes Corp.*, No. 2:16-cv-01028-GMN-CWH, 2017 WL 379429, at *3 (D. Nev. Jan. 25, 2017). The statute is a "codified, state-law amalgam of three federal schemes: Title VII, the [ADEA], and the [ADA]." *Bullard v. Las Vegas Valley Water Dist.*, 2:15-cv-00948-JAD-VCF, 2018 WL 715358, at *4 (D. Nev. Feb. 5, 2018) (citations omitted). A claim for disability discrimination under this statute is evaluated like a federal ADA claim. *Id.* at *6–7; *see also Caberto v. Nevada ex rel. Dep't of*

*Health & Human Servs.*, No.: 2:18-cv-01034-APG-CWH, 2019 WL 1261104, at *6 (D. Nev. Mar. 19, 2019).

It appears that Devos is alleging both discrimination and retaliation under Nevada law. (ECF No. 1 ¶ 43). Yet he does nothing more than incorporate by reference all past paragraphs and end with a legal conclusion that Music Tribe violated Nevada law. (*Id.* ¶¶ 42–44). Again, Devos does not provide enough facts to plausibly allege "[he] was subjected to disability related and motivated discriminatory practices and retaliatory actions." (*Id.* ¶ 43); *see supra* section III.B. (discussing pretext). A complaint that offers only labels and conclusions does not meet the *Twombly-Iqbal* standard. Accordingly, Devos's state law disability-based claims are DISMISSED with leave to amend.

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Music Tribe's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED. All three of Devos's claims are DISMISSED with leave to amend.

IT IS FURTHER ORDERED that Devos may file an amended complaint within 21 days of this order. Failure to do so with result in dismissal of this case with prejudice.

DATED July 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**