UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD DEVOS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MUSIC TRIBE COMMERCIAL NV, INC.; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:20-cv-001581-JCM-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF No. 41 |

Pending before the Court is the Motion to Reduce Attorney's Lien to Judgment, filed on February 22, 2022 by former counsel for Plaintiff. ECF No. 41. The only additional document received by the Court regarding the Motion is a Notice of Non-Opposition also filed by former counsel. ECF No. 42. The time to respond to the Motion lapsed on March 8, 2022. Pursuant to Local Rule 7-2(d) the Court may treat a failure to oppose a motion as consent to granting the motion. This Rule does not apply to a motion for attorney's fees.

The lien in question is in the amount of $872.75, representing the amount paid by former counsel for the cost of a deposition transcript. Former counsel, Trevor J. Hatfield, perfected his lien. The record reflects that Mr. Hatfield served his Motion to Reduce Attorney's Lien by certified mail, return receipt requested. ECF No. 41 at 3 ¶ 4. The Motion is made under NRS 18.015(6). *Id.* at 1. The document reflects that the lien is for $872.75 in advanced deposition transcript fees. *Id.* at 2. Again, no opposition to the Motion was filed.

As explained in *Site v. Music Tribe Commercial NV, Inc.*, Case No. 2:20-cv-0299-JCM-BNW, 2021 WL 3361684, at \*1 (D. Nev. June 30, 2021), Magistrate Judges have only the authority granted under 28 U.S.C. § 636, which generally provides me with the authority to "hear and determine" non-dispositive matters. *Id. citing* 28 U.S.C. § 636(b)(1)(A); *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). Dispositive matters are referred to Magistrate

1

Judges for decision on recommendations subject to a District Judge's *de novo* review. *Id. citing* 28 U.S.C. § 636(b)(1)(B); *CMKM Diamonds*, 729 F.3d at 1259-60.

Section 636 enumerates eight types of matters to be treated as "dispositive." 28 U.S.C. § 636(b)(1)(A)-(B). Matters falling outside of those enumerated as dispositive are evaluated by looking at the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or non-dispositive. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015).

This matter involves a determination of a request to adjudicate an attorney's lien and a request for entry of judgment in the amount requested. This motion is not enumerated in § 636 as being dispositive. Magistrate Judges have the authority to decide a request for attorney's fees arising from distinct pretrial events such as discovery dispute, but do not have authority to award case-wide fees or costs determined in relation to a judgment. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); Fed. R. Civ. P. 54(d)(2)(D). As a result, I treat the Motion as being dispositive and issue the below recommendation.

IT IS HEREBY RECOMMENDED that the pending Motion to Reduce Attorney's Lien to Judgment, in the amount of $872.75, (ECF No. 41) be GRANTED.

Dated this 10th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).