UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TODD DEVOS, | Case No. 2:20-CV-1581 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| MUSIC TRIBE COMMERCIAL NV, INC., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Elayna J. Youchah's report and recommendation ("R&R"). (ECF No. 43). Trevor J. Hatfield, Esq. ("Hatfield"), former counsel for plaintiff Todd Devos ("Devos"), moved to reduce his attorney's lien to judgment against Devos. (ECF No. 41). Devos did not timely file a response and Hatfield filed a notice of non-opposition. (ECF No. 42). Devos further did not file a timely objection to Judge Youcha's R&R. (ECF No. 45).

**I.   Background**

This is a motion to reduce an attorney's lien to judgment arising from Devos's failure to compensate Hatfield, his counsel at the time, for the cost of obtaining a deposition transcript. (ECF No. 41 at 3). Devos promised Hatfield that he would pay for his deposition transcript if Hatfield ordered it. (*Id.*). Hatfield ordered and paid for the transcript, but Devos refused to reimburse Hatfield as agreed. (*Id.*).

The lien in question is in the amount of $872.75 reflecting the cost of the transcript. (*Id.*). Hatfield perfected his lien through service via certified mail, return receipt requested. (*Id.*). Hatfield further extended efforts to obtain payment and warned Devos he would move to reduce

**James C. Mahan**
**U.S. District Judge**

his lien to judgment unless payment was received. (*Id.*). Devos did not contact Hatfield and did not pay. (*Id.*). Hatfield then successfully moved to withdraw as Devos's counsel. (*Id.*).

Hatfield now moves to reduce his lien to judgment. (*Id.*). Judge Youchah recommends this motion be granted. (ECF No. 43 at 2).

**II.   Discussion**

A magistrate judge's jurisdiction to enter an order rather than to issue findings and recommendations depends on whether the matter is dispositive or non-dispositive of a claim or defense. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. The court looks to the "effect of the motion" to determine whether it is dispositive. *United States v. Rivera–Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) (internal citations omitted).

This matter involves a determination of a request to adjudicate an attorney's lien and a request for entry of judgment in the amount requested. Magistrate judges have the authority to decide a request for attorney's fees arising from distinct pretrial events such as a discovery dispute, but do not have authority to award case-wide fees or costs determined in relation to a judgment. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); Fed R. Civ. P. 54(d)(2)D). Therefore, the motion is dispositive, and the magistrate judge accordingly issued a R&R.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

**James C. Mahan**
**U.S. District Judge**

employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, the court agrees and ADOPTS the magistrate judge's R&R.

### III.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Youchah's order granting the motion to reduce attorney's lien to judgment (ECF No. 43) is ADOPTED.

IT IS FURTHER ORDERED that Hatfield's motion (ECF No. 41) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment in favor of Hatfield & Associates, Ltd. and attorney Trevor J. Hatfield, Esq., in the amount of the lien, $872.75.

DATED April 1, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**